**Larry D. HENSON–EL,**
**Plaintiff–Appellant,**

v.

**D.C. ROGERS, et al.,**
**Defendants–Appellees.**

**No. 90–2389**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 1, 1991.

Larry D. Henson–El, pro se.

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:

Larry D. Henson–El, proceeding pro se and in forma pauperis, appeals the district court's dismissal of his civil rights action as frivolous under 28 U.S.C. § 1915(d). Because the relevant limitations period has expired, we affirm.

## I.

Larry D. Henson–El, an inmate at the Texas Department of Criminal Justice, filed this pro se action against three Houston police officers, the former police chief, and the mayor on February 8, 1990. He alleges that the defendants subjected him to false arrest, false imprisonment, and malicious prosecution in violation of 42 U.S.C. § 1983.

The district court determined that the limitations period had expired and dismissed the action pursuant to 28 U.S.C. § 1915(d). The district court entered final judgment on March 14, 1990, and Henson–El filed a notice of appeal dated March 31, 1990, but stamped April 18, 1990. Because a prisoner's pro se notice of appeal is deemed filed when it is delivered to prison authorities for forwarding to the court clerk, we initially remanded the case to the district court to determine if Henson–El delivered his notice of appeal to the appropriate prison authorities within thirty days of entry of the judgment. *See* Fed.R. App.P. 4(a)(1).

On remand, the district court determined that Henson–El delivered his notice of appeal to prison authorities for forwarding on April 6, 1990. Thus, the notice of appeal was timely. We now consider the merits of the appeal.

## II.

There is no federal statute of limitations for § 1983 actions. The Supreme Court has thus directed federal courts to borrow the forum state's general personal injury limitations period. *Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 582, 102 L.Ed.2d 594 (1989). *See also Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir.1989); and *Elzy v. Roberson,* 868 F.2d 793, 794 (5th Cir. 1989).

In Texas, the forum state in this case, the relevant limitations period is two years. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.003(a); and *Burrell,* 883 F.2d at 418–19. Until September 1, 1987, §§ 16.-001(a)(1) and (b) suspended the running of the limitations period against persons under the legal disability of imprisonment. However, by amendment effective September 1, 1987, Texas removed imprisonment from the list of legal disabilities. Henson–El admits that his cause of action accrued, at the latest, on April 4, 1985. Although §§ 16.001(a)(1) and (b) suspended the limitations period from that date until August 31, 1987, the limitations period began to run on September 1, 1987. Therefore, Henson–El had only until September 1, 1989, to file his complaint.

Henson–El makes two arguments on appeal. First, he points to a portion of the savings clause of the amendatory act which states that "[a] period of disability before the effective date of this Act during which a person was under a legal disability because of imprisonment is not affected by this Act." Acts 1987, 70th Leg., Ch. 1049, § 65(b). He interprets this provision to mean that the amendment does not apply to persons imprisoned before September 1, 1987. However, it is clear that the provision only prevents the limitations period from running against persons imprisoned before September 1, 1987 until that date. *See Burrell,* 883 F.2d at 419. Henson–El also suggests that the amendment could not apply to his case because it would then be "an illegal Ex Post Facto retroactive amendment" in violation of Article I, § 9 of the Constitution. But the ex post facto clause applies only to criminal cases. *See Harisiades v. Shaughnessy,* 342 U.S. 580, 594, 72 S.Ct. 512, 521, 96 L.Ed. 586 (1952); and *U.S. v. D.K.G. Apaloosas, Inc.,* 829 F.2d 532, 540 (5th Cir.1987).

A district court may dismiss an in forma pauperis proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact. *See Wilson v. Lynaugh,* 878 F.2d 846, 849 (5th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 417, 107 L.Ed.2d 382 (1989); and *Pugh v. Parish of St. Tammany,* 875 F.2d 436, 438 (5th Cir.1989). In light of the discussion above, we find that the district court properly dismissed Henson–El's complaint.

The judgment is AFFIRMED.