IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40272
Conference Calendar
_____


DON WAYNE BASEY,

                                    Plaintiff-Appellant,

versus

LESLIE W. WOODS ET AL.,

                                    Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-95-CV-20
- - - - - - - - - -
(October 18, 1995)
Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

    A district court may sua sponte dismiss an action for
failure to prosecute or to comply with any court order.  Fed.
R. Civ. P. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th
Cir. 1988).  A sua sponte dismissal by the district court
pursuant to Rule 41(b) must be upheld on appeal unless the court
determines that the district court abused its discretion in
choosing that sanction.  McNeal v. Papasan, 842 F.2d 787, 789-90

---

    [*]    Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

(5th Cir. 1988). However, the scope of the district court's discretion is narrow when a statute of limitations would bar reprosecution of a suit dismissed without prejudice under Rule 41(b). Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1190-91 (5th Cir. 1992). As there is no federal statute of limitations for § 1983 actions, the federal courts borrow the forum state's general personal injury limitations period, Henson-El v. Rogers, 923 F.2d 51, 52 (5th Cir.), cert. denied, 501 U.S. 1235 (1991), which in this case is two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West 1994).

The district court dismissed Don Wayne Basey's action after Basey did not comply with a previous district court order directing Basey to obtain and send to the district court's clerk's office certification of his inmate account balance for determination of Basey's in forma pauperis status. The district court had previously warned Basey that failure to comply with the order would result in dismissal of Basey's action. The dismissal was without prejudice.

Additionally, as Basey's claims were based on events which occurred on or about November 1, 1994, or after that date, the statute of limitations on Basey's claims will not run until approximately November 1, 1996. The district court did not abuse its discretion in dismissing Basey's action.

Basey's motions for production of documents, for admission of policies into evidence, and to appear in appellate court are DENIED as unnecessary.

AFFIRMED. MOTIONS DENIED.