# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 95-60473
Summary Calendar

WILLIAM T. BUSICK,

Plaintiff-Appellant,

versus

JOHN E. McGINTY, YAZOO COUNTY
SHERIFF'S DEPT. SHERIFF; DAVID
SMITH, AGENT; YAZOO COUNTY
SHERIFF'S DEPARTMENT,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi
(5:95-CV-73)

November 8, 1995

Before POLITZ, Chief Judge, DAVIS and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

William T. Busick appeals the district court's dismissal of his civil rights complaint

as frivolous under 28 U.S.C. § 1915(d).  Finding no abuse of discretion, we affirm.

On June 9, 1995 Busick filed a 42 U.S.C. § 1983 complaint against John E. McGinty,

---

[*]Local rule 47.5 provides:  "The publication of opinions that have no precedential value
and merely decide particular cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal profession."  Pursuant to that Rule,
the Court has determined that this opinion should not be published.

Sheriff of Yazoo County, Mississippi, and David Smith, a detective in the Yazoo County Sheriff's Department. Busick alleges that his residence was raided on February 13, 1992 by local law enforcement officers, including McGinty and Smith. After being informed that the officers did not have a search warrant Busick confronted them and ordered them to leave his home. In response Busick contends that he was beaten and arrested and then taken to the Yazoo County jail where he was coerced by detective Smith into signing a false statement. This false statement was then used against him at trial. Busick further alleges that Smith gave perjured testimony at trial. In a supplemental pleading Busick named several other individuals as defendants.

The district court dismissed the action as frivolous because the claims associated with the search of the house and Busick's arrest were time-barred and because the defendants who were alleged to have perjured themselves were entitled to absolute immunity. Busick timely appeals.

An *in forma pauperis* complaint may be dismissed as frivolous under 28 U.S.C. § 1915(d) if it has no arguable basis in law or fact.[1] Section 1915(d) dismissals are reviewed for abuse of discretion.[2]

We find neither abuse of discretion nor error in the trial court's finding that Busick's claims are barred by the statute of limitations. There being no federal statute of limitations for section 1983 actions, the federal courts borrow the forum state's general personal injury

---

[1]**Booker v. Koonce**, 2 F.3d 114 (5th Cir. 1993).

[2]**Denton v. Hernandez**, 504 U.S. 25 (1992).

limitations period.[3]  The Mississippi statute for general personal injury is three years.[4]  The search of Busick's house and his arrest and interrogation occurred in February 1992. Busick's complaint was filed on June 9, 1995.  "[W]here it is clear from the face of the complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915(d)."[5]  Therefore the district court properly dismissed Busick's action as time-barred.  We further note that the trial court correctly disposed of the alleged perjurious testimony on the absolute immunity grounds.

AFFIRMED.

---

[3]**Owens v. Okure**, 488 U.S. 235 (1989); **Henson-El v. Rogers**, 923 F.2d 51 (5th Cir.), cert. denied, 501 U.S. 1235 (1991).

[4]Miss. Code Ann. § 15-1-49 (1995).

[5]**Gartrell v. Gaylor**, 981 F.2d 254, 256 (5th Cir. 1993).