IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30262
Summary Calendar
_____

CHRISTOPHER COLUMBUS WILLIAMS,

Plaintiff-Appellant,

versus

CALVIN JACKSON ET AL.,

Defendants,

CALVIN JACKSON; CLAUDE TRICHE; JERRY
LARPENTER, Individually and as Sheriff
of Terrebonne Parish, Louisiana;
TERREBONNE PARISH SHERIFF'S OFFICE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-2473-F
--------------------
December 7, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Christopher Columbus Williams appeals the district court's
dismissal of his civil rights complaint, which alleged that the
defendants had conspired to deprive him of his civil rights.  We
review de novo the district court's dismissal pursuant to Fed.
R. Civ. P. 12(b)(6).  Capital Parks, Inc. v. Southeastern Adver.
& Sales Sys., Inc., 30 F.3d 627, 629 (5th Cir. 1994).  Such a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

dismissal is appropriate "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." Id. (citation omitted). We accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. Id.

Although Williams did not invoke 42 U.S.C. § 1985 in his complaint, the district court viewed the complaint as making such a claim. On appeal, Williams cites both § 1985(3) and § 1983. Section 1985(3) can provide Williams with no relief, because it requires proof of a conspiracy "motivated by racial or some other type of invidious, class-based" distinction. Holdiness v. Stroud, 808 F.2d 417, 424 (5th Cir. 1987). Williams's complaint made no allegations that he was targeted because of any racial or other class-based animus. Accordingly, Williams did not state a claim under § 1985(3). Williams's conspiracy claim does state a claim under § 1983, however. See, e.g., Pfannstiel v. City of Marion, 918 F.2d 1178, 1187 (5th Cir. 1990).

Williams argues that the district court erred in concluding that his civil rights claim was prescribed. There is no federal statute of limitations for § 1983 actions, and the federal courts borrow the forum state's general personal injury limitations period. Henson-El v. Rogers, 923 F.2d 51, 52 (5th Cir. 1991). In Louisiana, a one-year prescriptive period applies to § 1983 claims. See, e.g., Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).

Although the federal courts look to state law to determine the applicable statute of limitations, they look to federal law to determine when a cause of action accrues. Pete v. Metcalfe, 8 F.3d 214, 217 (5th Cir. 1993). Under federal law, a cause of action accrues at the time the plaintiff "knows or has reason to know of the injury which is the basis of the action." Id. (internal quotations and citation omitted). In the case of an alleged civil rights conspiracy, such as the one Williams alleged, "the actionable civil injury to a plaintiff results from the overt acts of the defendants, not from the mere continuation of a conspiracy." Helton v. Clements, 832 F.2d 332, 335 (5th Cir. 1987). Thus, "any cause of action against the defendants accrued as soon as [Williams] knew or should have known of the overt acts involved in the alleged conspiracy." Id.

As the district court observed, "the only overt act alleged [in Williams's complaint] to cause damage to the plaintiff [was a] 1995 assault," which Williams was aware of when it occurred. Williams argues that it is irrelevant that he knew of the assault when it occurred, contending instead that he did not appreciate that the attack was related to a conspiracy until September 25, 1997, less than a year before he filed his complaint on August 20, 1998. The applicable test, however, is when Williams "knew or should have known of the overt acts" which caused him "actionable injury," not when he knew or should have known that the overt acts were related to a conspiracy. Helton, 832 F.3d at 335. Accordingly, the district court did not err in holding that

the § 1983 claim in Williams's complaint was barred by Louisiana's one-year prescriptive period.[1]

Finally, Williams argues that the district court erred in failing to grant him leave to amend his complaint. He notes that he specifically requested that the court allow him to amend his complaint if it was found wanting and that he still had a right to file an amended complaint because no responsive pleading had yet been filed. The district court did not comment on Williams's request that he be allowed to amend his complaint.

Even if the district court's failure to address Williams's request somehow constituted error, we conclude that a remand is unnecessary. The district court properly held that Williams's conspiracy claim was barred because he had alleged no injury-causing overt acts other than the 1995 assault. Despite what amounted to an invitation by the district court to do so, Williams cited no other injury-causing overt acts to the court. He also did not file an amended complaint, even though he could have done so without leave of the court. See Fed. R. Civ. P. 15(a); Zaidi v. Ehrlich, 732 F.2d 1218, 1219-20 (5th Cir. 1984) (holding that a motion to dismiss is not a responsive pleading). In addition, Williams points to no other relevant injuries in his primary brief to this court. See United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989) (holding that an issue raised for the first time in a reply brief will not be considered). Under

---

[1] Williams argues that the district court erred in holding that his federal claim against Larpenter was barred by res judicata. We need not reach this issue, however, as we have held that Williams's claim against Larpenter is prescribed.

these circumstances, a remand is unnecessary.  <u>See</u> <u>Jacquez v.</u>

<u>Procunier</u>, 801 F.2d 789, 791-92 (5th Cir. 1986).

AFFIRMED.