IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 99-40266
Summary Calendar

—————————————

KEVIN NICKERSON; ANGELA NICKERSON; and NEAL HARVILLE,

                                        Plaintiffs-Appellants,

versus

STATE OF TEXAS; WAYNE SCOTT, Director
of Operations in his Personal & Official
Capacities; JAMES KEITH PRICE, Senior
Warden, in his Personal & Official
Capacities; JERRY JACKSON, Assistant
Warden, in his Personal & Official
Capacities; LATHAM BOONE, Special
Prosecutor; RAY MONTGOMERY, Special
Prosecutor; TOM DAVIS, Captain; JERRY
CLEMENTS, Employee of the Texas
Department of Criminal Justice Internal
Affairs Division; DEBRA LEONARD,
Employee of the Texas Department of
Criminal Justice Internal Affairs
Division; ALAN POLUNSKY, Chairman; JOHN
DAVID FRANZ, Member of the Texas Board
of Criminal Justice; NANCY PATTON,
Member of the Texas Board of Criminal
Justice; CAROLE S. YOUNG, Member of the
Texas Board of Criminal Justice; ALFRED
MORAN, Member of the Texas Board of
Criminal Justice; PATRICIA DAY, Member
of the Texas Board of Criminal Justice;
LAWRENCE FRANCIS, Member of the Texas
Board of Criminal Justice; A. M.
STRINGFELLOW, Member of the Texas Board
of Criminal Justice; CAROL VANCE, Member
& Former Chairperson of the Texas
Department of Criminal Justice, in their
Official Capacities; UNIDENTIFIED PARTY,
Unknown Agents or Employees of the Texas
Department of Criminal Justice; ANDY
COLLINS, Texas Department of Criminal
Justice Institutional Division, Executive
Director in his Official Capacity,

                                        Defendants-Appellees.

                    --------------------

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:98-CV-136
--------------------
January 31, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Kevin and Angela Nickerson and Neal Harville ("Plaintiffs"), former correctional officers of the Texas Department of Criminal Justice (TDCJ), appeal the district court's dismissal of their complaint with prejudice. Plaintiffs' claims arose after they were accused of using improper force on an inmate, dismissed from their jobs, and faced with prosecution by the state. After a trial, the Nickersons were acquitted of all charges on June 3, 1996, and the charges against Harville were dropped on June 13, 1996. Plaintiffs filed their complaint on June 3, 1998.

We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6). Capital Parks, Inc. v. Southeastern Adver. & Sales Sys., Inc., 30 F.3d 627, 629 (5th Cir. 1994). We will uphold such a dismissal "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." Id. (citation omitted). We accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. Id.

Plaintiffs argue that the district court erred by dismissing their 42 U.S.C. § 1983 claims as barred by the statute of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

limitations. There is no federal statute of limitations for § 1983 actions, and the federal courts borrow the forum state's general personal injury limitations period. Owens v. Okure, 488 U.S. 235, 249-50 (1989). In Texas, the relevant limitations period is two years. Henson-El v. Rogers, 923 F.2d 51, 52 (5th Cir. 1991). Although the federal courts look to state law to determine the applicable statute of limitations, they look to federal law to determine when a cause of action accrues. Pete v. Metcalfe, 8 F.3d 214, 217 (5th Cir. 1993). Under Heck v. Humphrey, 512 U.S. 477, 489 (1994), and similar cases, if the "termination of [an] underlying criminal proceeding in favor of the accused is an essential element of a § 1983 claim," the claim accrues only when the favorable termination occurs. Brummett v. Camble, 946 F.2d 1178, 1184 (5th Cir. 1991). If favorable termination is not required, a claim accrues immediately. See, e.g., Woods v. Smith, 60 F.3d 1161, 1165 (5th Cir. 1995). The rule of Heck applies whenever a judgment in the accused's favor would have necessarily implied that the accused was innocent. Wells v. Bonner, 45 F.3d 90, 94 (5th Cir. 1995).

Plaintiffs were not specific in their complaint about the nature of their § 1983 claims. From the section of the complaint styled "factual allegations," we discern the following allegations. Plaintiffs complained that Harville's pre-riot complaints about prison conditions went without official response. They complained that Internal Affairs investigators coerced statements from them and used "irregular" witness statements. They complained about the TDCJ's termination of

their employment, the TDCJ's refusal to expunge Harville's records completely, and the TDCJ's failure to rehire them after the Nickersons were acquitted and the charges against Harville were dismissed.  Plaintiffs also complained that prosecutors brought criminal charges against them "even though there was exculpatory evidence available" and that the prosecutors failed to turn this exculpatory evidence over to them.

Plaintiffs' claims about Harville's pre-riot complaints and the TDCJ's decision to fire them did not require a favorable termination in their criminal cases and, accordingly, accrued well before June 1996.[1]  The district court did not err in holding that these claims were barred by the statute of limitations.

As to Plaintiffs' claims involving the investigators' tactics and the prosecutors' conduct during the criminal prosecution, these claims--if successful--would have implied the invalidity of the charges against Plaintiffs.  These claims accrued at the time of the acquittals and dismissals.  See Wells, 45 F.3d at 94-95 (malicious prosecution).  Having reviewed the complaint, however, we conclude that Plaintiffs' claims against the investigators were wholly conclusional.  We can find no factual support for the claims in the complaint; Plaintiffs merely asserted that coercion and "irregular" witness statements occurred.  These bare, conclusion allegations are insufficient to

---

[1] For the first time on appeal, Plaintiffs argue in their reply brief that equitable tolling should be applied to their claims.  However, we do not consider arguments made to us for the first time in a reply brief.  Stephens v. C.I.T. Group/Equip. Fin., Inc., 955 F.2d 1023, 1026 (5th Cir. 1992).

support a § 1983 action. Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 99 (5th Cir. 1994). Thus, the only viable malicious-prosecution claim is Plaintiffs' claim against the prosecutors themselves.

The remaining claims, that the TDCJ somehow violated Plaintiffs' constitutional rights by not reemploying them and by not fully expunging their employment records *after* the acquittals and dismissal, occurred within the two-year limitations period. These two claims were not barred by the limitations period.[2] However, the district court dismissed the TDCJ from the case on Eleventh Amendment grounds, and Plaintiffs do not challenge that conclusion on appeal. Thus, the district court committed no reversible error in dismissing these claims.

Boone and Montgomery argue that the dismissal of claims against them may be affirmed on the basis of absolute prosecutorial immunity. We conclude that the district court did not directly hold that the prosecutors were entitled to immunity.[3] "[A]n appellee generally may urge in support of a judgment any matter appearing in the record." Kiser v. Garrett, 67 F.3d 1166, 1169 (5th Cir. 1995). Plaintiffs addressed the prosecutors' arguments about prosecutorial immunity in the

---

[2] For this reason, we do not reach the Plaintiffs' argument that these two claims constituted continuing violations of their rights.

[3] Boone and Montgomery argue that Plaintiffs waived any arguments about immunity by not briefing the issue in their main brief. Because the district court's judgment was not premised on prosecutorial immunity, Plaintiffs were under no obligation to brief the issue.

district court, and they have done so on appeal as well.
Accordingly, we consider the prosecutors' arguments.

Prosecutors are entitled to absolute immunity for their
decisions to initiate a criminal prosecution and for their
actions during the course of a prosecution. See, e.g., Imbler v.
Pachtman, 424 U.S. 409, 431 (1976). This disposes of Plaintiffs'
arguments that Boone and Montgomery may be liable for filing
charges against them or for their failure to turn over
exculpatory evidence. Id. at 431 & n.34. Plaintiffs argue that
Boone, at least, lost his immunity by attesting to the
credibility of an investigator when he signed the investigator's
warrant for Harville's arrest. Even if Plaintiffs are correct
that Boone would not be entitled to immunity for this activity,
cf. Kalina v. Fletcher, 118 S. Ct. 502, 509-10 (1997), their
complaint contained *no* claims relating to Boone's signing of this
affidavit. A prosecutor who lacks immunity for some actions does
not lose his immunity for the more traditional prosecutorial
functions he also performed. See, e.g., Burns v. Reed, 500 U.S.
478, 492-96 (1991). Boone and Montgomery are absolutely immune
for the claims raised in Plaintiffs' complaint.[4] These § 1983
claims, like all the others, were properly dismissed by the
district court.

Plaintiffs argue that the district court improperly
dismissed their Racketeer Influenced and Corrupt Organizations
Act (RICO) claim. To state a civil RICO claim the plaintiff

---

[4] Some of the appellees argue that there is no federal claim
for malicious prosecution. Because of our disposition of the
malicious-prosecution claims, we do not reach this argument.

must allege "1) a <u>person</u> who engages in 2) a <u>pattern of racketeering activity</u>, 3) connected to the acquisition, establishment, conduct, or control of an <u>enterprise</u>."  <u>In re Burzynski</u>, 989 F.2d 733, 741 (5th Cir. 1993) (internal quotations and citation omitted).  To establish a "pattern of racketeering activity" a plaintiff must show "at least two predicate acts of racketeering that are related and amount to or pose a threat of continued criminal activity."  <u>Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.</u>, 975 F.2d 1134, 1139-40 (5th Cir. 1992).  The plaintiff must plead the elements of the criminal offenses that comprise the predicate acts.  <u>Elliott v. Foufas</u>, 867 F.2d 877, 880 (5th Cir. 1989).  Accordingly, Plaintiffs' complaint, which did not allege two acts of racketeering, is insufficient to state a RICO claim.

Plaintiffs argue that the district court erred in holding that they lacked standing to sue pursuant to the remedial decree in <u>Ruiz v. Estelle</u>[5], issued after constitutional infirmities were found in Texas's prison system.  Violations of the <u>Ruiz</u> decree, without more, are not cognizable in a § 1983 action.  <u>Green v. McKaskle</u>, 788 F.2d 1116, 1122-23 (5th Cir. 1986).  To state a claim under § 1983, plaintiffs must allege that they have been injured by some constitutional violation of a defendant.  <u>Id.</u> That did not occur here.  There was no error in the district court's dismissal of Plaintiffs' <u>Ruiz</u> claim.

---

[5] <u>Ruiz v. Estelle</u>, 503 F. Supp. 1265 (S.D. Tex. 1980), <u>aff'd in part and vacated in part</u>, 679 F.2d 1115, <u>amended in part and vacated in part</u>, 688 F.2d 266 (5th Cir. 1982).

Plaintiffs argue that the district court erred in dismissing their supplemental state-law claims with prejudice. They contend that because the district court declined to consider the state-law claims, it should have dismissed those claims without prejudice. This argument makes little sense, as it has no factual basis in the district court's opinion. Although the district court did not address Plaintiffs' state-law claims in a separate section of its opinion, it expressly held that it was dismissing (i) Plaintiffs' "civil conspiracy, fraud, invasion of privacy claims and a claim for intentional infliction of emotional distress" as barred by the two-year statute of limitations and (ii) their libel and slander claims as barred by a one-year statute of limitations. Plaintiffs have not argued that the district court erred in dismissing their state-law claims on limitations grounds. Accordingly, they have waived any such argument. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

For the foregoing reasons, the district court's judgment is AFFIRMED.