IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40084
Summary Calendar
_____

DANNY LEWIS HATCHET,

                                        Plaintiff-Appellant,

versus

UNKNOWN NETTLES, Officer,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas

--------------------
February 4, 2000
Before KING, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:

    Danny Lewis Hatchet, Texas prisoner # 608224, appeals the
district court's dismissal of his 42 U.S.C. § 1983 civil rights
action for failure to pay the initial partial filing fee required
by 28 U.S.C. § 1915(b) of the Prison Litigation Reform Act (PLRA)
and failure to indicate good cause for his failure to pay.
Hatchet argues that the district court erred in dismissing his
action because he had a balance of only 20 cents in his inmate
trust account and did not have sufficient assets or means to pay
the partial filing fee.  He argues that under 28 U.S.C.
§ 1915(b)(4), the district court should not dismiss an action

because the prisoner has no assets or means to pay an initial partial filing fee.

Although the assessment of the initial partial filing fee under § 1915(b)(1) was not error, the dismissal of Hatchet's action without prejudice was an abuse of discretion. See Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998). The district court made no inquiry regarding whether Hatchet had complied with the initial partial filing fee order. Prisoners have no control over the processing of their inmate trust-fund withdrawals after they have consented to those withdrawals, when consent is required. We hold that it is an abuse of discretion for a district court to dismiss an action for failure to comply with an initial partial filing fee order without making some inquiry regarding whether the prisoner has complied with the order by submitting any required consent forms within the time allowed for compliance.

The district court's dismissal without prejudice operates as a dismissal with prejudice because Hatchet is now barred from refiling the action due to the expiration of the two-year limitations period. See Long v. Simmons, 77 F.3d 878, 879-80 (5th Cir. 1996)(statute of limitations can cause a dismissal without prejudice to operate as a dismissal with prejudice); Owens v. Okure, 488 U.S. 235, 249-50 (1989)(the general personal injury statute of limitations for the forum state is used for 42 U.S.C. § 1983 actions); Tex. Civ. Prac. & Rem. Code Ann.

§ 16.003(a) (West 1998)(two-year personal injury-limitations period in Texas).  The district court also erred in dismissing the action without considering a lesser sanction because the dismissal operates as a dismissal with prejudice.  See Long, 77 F.3d at 879-80.

In order to prevent these and other problems associated with assessment and collection of the initial partial filing fee and dismissal for failure to pay the initial partial filing fee, we have decided to take this opportunity to clarify the statutory procedures applicable to prisoners' motions for leave to proceed in forma pauperis (IFP) in the district courts.

A prisoner must file an IFP application containing all of the information required by 28 U.S.C. § 1915(a)(1) and (2).  In accordance with the procedures of the district courts, a prisoner must also complete and submit to the custodial institution any consent or authorization forms that the custodial institution having custody of the prisoner requires to access the prisoner's inmate trust account, to collect funds from the account, and to pay those funds to the clerk of the district court.  After the prisoner files a completed IFP application, the district court should assess an initial partial filing fee of 20 percent of the greater of the average monthly deposits or the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. § 1915(b)(1)(A) & (B); see also Morgan v. Haro, 112 F.3d 788,

788-89 (5th Cir. 1997).  The order should provide for payment of the initial partial filing fee from the prisoner's trust fund account *when funds are available*, following receipt of any consent forms required by the custodial institution.  See Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997); McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997).

The IFP order should provide that if the prisoner's trust fund account does not contain the full amount assessed as an initial partial filing fee, the custodial institution shall withdraw from the account any portion of the initial partial filing fee available and transmit it to the clerk of the district court.  See McGore, 114 F.3d at 606.  Even if the account balance is under ten dollars, the custodial institution must still forward payments to the district court to pay the initial partial filing fee as the ten-dollar rule of § 1915(b)(2) is applicable only after the initial partial filing fee is paid.  See id.  The action shall then proceed as if the entire initial partial filing fee had been paid.  See id. at 606.  Thereafter, the custodial institution shall withdraw from the account all funds deposited into the account as they become available and transmit the funds to the clerk of the district court until the entire initial partial filing fee is paid.  See id. at 606.

If the inmate trust account contained no funds for the six-month period immediately preceding the filing of the complaint, the district court should issue an order assessing an initial

partial filing fee of $0, and the prisoner should be ordered to pay the full filing fee in installments. § 1915(b)(2); McGore, 114 F.3d at 606-07. "In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." § 1915(b)(4); see also Walp v. Scott, 115 F.3d 308, 310 (5th Cir. 1997).

The IFP order should also direct the custodial institution that after the partial filing fee has been paid, the custodial institution shall withdraw from the inmate trust fund account the remainder of the filing fee in accordance with § 1915(b)(2). See McGore, 114 F.3d at 607. The custodial institution shall withdraw 20 percent of the preceding month's income credited to the prisoner's account and transmit the funds to the clerk of the district court each time the amount in the account exceeds $10, until the entire district court filing fee is paid. § 1915(b)(2); McGore, 114 F.3d at 607.

A prisoner proceeding IFP in the district court is obligated to pay the full filing fee upon the filing of a complaint. § 1915(b)(1). No relief from an order directing payment of the filing fee should be granted for a voluntary dismissal. Williams v. Roberts, 116 F.3d 1126, 1128 (5th Cir. 1997)("[W]e hold that the plain language of the PLRA requires that appellate fees be

assessed at the moment the appeal is filed, regardless of whether the appeal is later dismissed."); McGore, 114 F.3d at 607.

If it appears that the prisoner has not complied with the district court's initial partial filing fee order within the applicable time period, the district court should take reasonable steps to ascertain whether the prisoner has complied with the order by allowing objections to a magistrate judge's report, see 28 U.S.C. § 636(b)(1)(C), issuing a show-cause order, see Harrelson v. United States, 613 F.2d 114, 116 (5th Cir. 1980), communicating by telephone, fax, or e-mail with officials of the custodial institution, issuing an order to the custodial institution, or using any other method designed to obtain the relevant information. Any inquiry and any response should be made a part of the record to allow this court to review any subsequent dismissal. When a prisoner is allowed to file a response to a magistrate judge's report or a show-cause order, a sworn affidavit or unsworn declaration made under penalty of perjury under 28 U.S.C. § 1746, setting forth the details of his compliance or copies of any relevant consent forms ordinarily will be sufficient to avoid dismissal for failure to comply with an initial partial filing fee order. Prisoners are reminded that false statements in their pleadings may result in sanctions against them, see Fed. R. Civ. P. 11(c), including dismissal with or without prejudice, and that false statements in an affidavit

or unsworn declaration made under penalty of perjury may result in prosecution for perjury.  18 U.S.C. § 1621.

Accordingly, it is ORDERED that the judgment of the district court dismissing Hatchet's § 1983 action is VACATED and that the case is REMANDED for further proceedings consistent with this opinion.

VACATED AND REMANDED.