IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-51097
USDC No. W-99-CV-292
_____

STEVEN HARM,

Plaintiff-Appellant,

versus

TERRY R. HASSEL; JIMMY R. LAWSON; RODNEY GEBERT; BENNY BOYKIN;
TRAVIS BLACK; ROBERT LUMMUS; MONTE CULAME; RANDY B. DANIEL;
CLAUDE BILL,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
--------------------
April 3, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Steven Harm, Texas inmate #701786, moves this court for leave to proceed *in forma pauperis* (IFP) on appeal. Harm's motion for appointment of counsel is DENIED.

Harm challenges the district court's refusal to grant IFP status on appeal based upon its determination that the appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Harm contends that the district court abused its

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion by dismissing his complaint for failure to pay the initial partial filing fee.  He contends that the district court erred by failing to provide reasons for the certification.  He asserts that the prison authorities should have forwarded the initial partial filing fee to the district court clerk.

When the district court certifies that an appeal is not taken in good faith, it must "set forth in writing the reasons for its certification."  *Baugh*, 117 F.3d at 202.  The district court did not do so in this case.  Nevertheless, we may address the merits of the only issue before the court.  *See id.*

The district court's dismissal without prejudice of Harm's 42 U.S.C. § 1983 complaint for failure to pay the initial partial filing fee was an abuse of discretion.  *See Hatchet v. Nettles*, ___ F.3d ___, 2000 WL 45516 at *1-*3 (5th Cir. Feb. 4, 2000).  The district court did not make a proper inquiry to determine whether Harm had executed the necessary consent or authorization forms and whether he had complied with the order to pay the filing fee.  The district court's order, assessing the initial partial filing fee, did not order payment of the initial partial filing fee from Harm's prisoner's trust account when funds were available.

Accordingly, Harm's motion for leave to proceed IFP on appeal is GRANTED, the district court's judgment dismissing Harm's § 1983 complaint is VACATED, and the case is REMANDED to the district court for further proceedings consistent with this court's opinion in *Hatchet v. Nettles*, ___ F.3d ___, 2000 WL 45516 at *1-*3 (5th Cir. Feb. 4, 2000).

MOTION FOR IFP GRANTED; VACATED AND REMANDED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.