IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20030
Conference Calendar
_____


CLINTON W. DELESPINE,

                                        Plaintiff-Appellant,

versus

VICTOR RODRIGUEZ; GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-3578
--------------------
August 23, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:[*]

    Clinton W. Delespine, Texas inmate #187450, requests leave
to proceed *in forma pauperis* (IFP) on appeal.  Delespine's
motions for release on annual report status and for an
evidentiary hearing are DENIED.

    Delespine asserts that he was granted IFP in prior district
court proceedings, that the case was transferred, and that the
district court should not have denied him leave to proceed IFP.
He contends also that his parole was revoked erroneously.

---

    [*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

The district court entered final judgment, dismissing Delespine's complaint in *Delespine v. Kyle*, 94-CV-1588 (S.D. Tex. Feb. 23, 1996), two years prior to the initiation of the complaint in the instant case. Delespine has not complied with 28 U.S.C. § 1915. He has not filed the affidavit and prison trust fund account statement, which are required for the district court to make a financial assessment. *See* § 1915(a)(1), (2); *Hatchet v. Nettles*, 201 F.3d 651, 652 (5th Cir. 2000) (prisoner must file IFP application containing all information required by § 1915(a)(1) and (2)). Additionally, Delespine cannot show that he will present a nonfrivolous issue on appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Accordingly, Delespine's motion for IFP is DENIED, and the appeal is DISMISSED as frivolous. 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Delespine that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) WARNING ISSUED; OTHER MOTIONS DENIED.