IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40583
Summary Calendar

_____

JOHN C. SPURLOCK

Plaintiff - Appellant

v.

WAYNE SCOTT, sued in their individual capacities and
official capacities; ARTHUR H VELASQUEZ, sued in their
individual capacities and official capacities; BRENDA,
SENIOR WARDEN, STEVENSON UNIT sued in their individual
capacities and official capacities; AMADO IGLESIAS, sued
in their individual capacities and official capacities;
JAMES C SCHROEDTER, sued in their individual capacities
and official capacities; FLOYD LANGE, sued in their
individual capacities and official capacities; RANDY E
SMIDT, sued in their individual capacities and official
capacities; MICHAEL K LOTT, sued in their individual
capacities and official capacities; PATRICK A PATEK, sued
in their individual capacities and official capacities;
GLEN A YOUNG, sued in their individual capacities and
official capacities; FRANK RODRIQUEZ, sued in their
individual capacities and official capacities; DEBORAH G
VILLARREAL, sued in their individual capacities and
official capacities

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. V-00-CV-67
--------------------
November 12, 2001

Before KING, Chief Judge, and HIGGINBOTHAM and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

-----

[*]   Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

John C. Spurlock, Texas prisoner # 741571, applied for leave to proceed in forma pauperis ("IFP") in this civil rights action. Spurlock was ordered to amend his complaint and pay the full filing fee within thirty days. After amending his complaint, Spurlock filed a second application to proceed IFP, showing that his prisoner trust fund account had been subsequently depleted. Acting under its inherent powers to manages its own affairs, the district court dismissed the complaint without prejudice for failure to comply with its orders. Spurlock has appealed.

A complaint may be dismissed because of the plaintiff's failure to prosecute or for lack of compliance with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b); see Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962); see also Hatchet v. Nettles, 201 F.3d 651, 653 (5th Cir. 2000) (clarifying statutory procedures applicable to prisoners' IFP motions in the district court). The district court's order is reviewed for an abuse of discretion. Link, 370 U.S. at 633.

In cases involving prisoners proceeding IFP, the district court is required to "assess and, when funds exist, collect, as partial payment of any court fees required by law, an initial partial filing fee. . . ." 28 U.S.C. § 1915(b)(1). "In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). A district court has the power to manage its own affairs so as to achieve the orderly and expeditious disposition

of cases, including the power to dismiss a case for failure to comply with the court's order, but the exercise of such power should be confined to instances of bad faith or willful abuse of the judicial process. See Woodson v. Surgitek, Inc., 57 F.3d 1406, 1417 (5th Cir. 1995). The record indicates that when Spurlock complied with the district court's order to amend his complaint, he lacked sufficient funds to pay the full filing fee. There is no indication that Spurlock's lack funds at that point, and therefore his failure to pay the full filing fee, was the result of bad faith or a willful disobedience of the district court. Accordingly, the dismissal of the complaint was an abuse of discretion. The order of dismissal is VACATED and the case is REMANDED for further proceedings.

Spurlock also argues that the district court erred by ordering him to amend his original complaint and by denying his motion for an injunction. There is no merit to the argument concerning the amended complaint. See Fed. R. Civ. P. 8 (requiring that complaint contain a "short and plain statement of the claim showing the pleader is entitled to relief"). As for denial of the motion for an injunction, Spurlock attempted to take an interlocutory appeal from this order but his notice of appeal was untimely, and we therefore lack appellate jurisdiction to review the claim. See Fed. R. App. P. 4(a)(1)(A); United States v. Cooper, 135 F.3d 960, 961 (5th Cir. 1998)(a timely notice of appeal is necessary to the exercise of appellate jurisdiction).

VACATED AND REMANDED.