United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2003

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 02-11392
Summary Calendar**
_____

**JEROMY D. BRAY,**

**Plaintiff-Appellant,**

**versus**

**J. EDWARDS, Warden,**

**Defendant-Appellee.**

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:02-CV-199
--------------------

Before DAVIS, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Jeromy D. Bray, Texas prisoner # 919964, appeals the district court's dismissal of his 42 U.S.C. § 1983 action seeking an injunction for his protection based on his allegations of an ongoing extortion and protection racket involving violence perpetrated upon white inmates such as himself, with the complicit knowledge and assistance of the prison staff.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bray argues that the district court abused its discretion in dismissing his case. He contends that the complaint form he has in his files showed that he had checked the "no" box regarding exhaustion of administrative remedies and that he must have made a clerical error in checking the "yes" box on the copy he filed in district court. He contends that when he received the district court's order of October 25, he filed a response explaining why he had filed the lawsuit without exhausting administrative remedies, but that this response never reached the court. Bray explains that he did not file a grievance out of fear of retaliation. Regarding the district court's ruling that he had failed to state a claim, Bray asserts that he believes that he is at serious risk of personal harm because he is a white inmate.

Contrary to the district court's conclusion that Bray had failed to state a claim because he had alleged no personal harm, Bray's allegation that the type of extortion and protection racket to which inmate Panneck was subjected goes on constantly with the knowledge of the prison officers, and that he himself is a member of the class of inmate which is preyed upon, is a sufficient allegation of harm to establish standing for him to seek injunctive relief. Smith v. Arkansas Department of Correction, 103 F.3d 637, 643-44 (8th Cir. 1996). Thus, the district court erred in determining that Bray failed to state a claim or that his complaint was frivolous. Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998) (de novo review).

However, as also noted in Smith, it is this very type of claim for injunctive relief for which exhaustion of administrative remedies within the prison grievance system is so important. 103 F.3d at 647. "When a prison inmate seeks injunctive relief, a court need not ignore the inmate's failure to take advantage of adequate prison procedures, and an inmate who needlessly bypasses such procedures may properly be compelled to pursue them." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

If, as he now claims, Bray deliberately bypassed the prison grievance procedures because he was afraid of retaliation, he could and should have stated this in his complaint. If, as he now claims, the district court did not receive his response to its October 25 order requiring him to provide proof of exhaustion, he could and should have resubmitted his response in the form of a postjudgment motion for reconsideration in the district court. Based on the record before the district court at the time it dismissed Bray's action, the district court did not err in dismissing Bray's complaint for failure to exhaust. Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (de novo review). Because Bray was proceeding in forma pauperis (IFP) in the district court, the dismissal of the complaint with prejudice for purposes of proceeding IFP was within the discretion of the district court. See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998). Such a dismissal is without prejudice to refiling a fee-paid complaint making the same allegations. Id.

Bray argues that the district court abused its discretion by imposing such harsh sanctions in the form of $100, a dismissal with prejudice, and a strike under 28 U.S.C. § 1915(g). The district court imposed sanctions based on its determination that Bray had deliberately attempted to mislead the court by checking the box indicating that administrative remedies had been exhausted, when it was clear from the date of the incident and the date of filing the complaint that it was impossible for Bray to have exhausted his administrative remedies through the prison grievance procedures.

False statements by prisoners in their pleadings may result in sanctions under FED. R. CIV. P. 11(c). Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000). The district court warned Bray that it would sanction him for providing a false statement if he did not provide proof of exhaustion. When Bray did not respond, the court did exactly that. Based on the record before the district court, the court did not abuse its discretion in imposing a monetary sanction of $100. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993) (abuse of discretion standard of review). Bray made no attempt to explain to the district court that he had mailed a response which he now alleges did not reach the court.

As for the district court's determination that the dismissal counts as a strike under 28 U.S.C. § 1915(g), that section provides that to count as a strike, the dismissal must be on the grounds that the action is "frivolous, malicious, or fails to state a claim upon which relief may be granted." Bray's claim for injunctive

relief based upon his allegations of an extortion and protection racket involving assaults on white inmates, which is allowed to go on with the knowledge of the prison officers, does state a claim and is not frivolous. However, the district court's dismissal with prejudice of Bray's action for failure to exhaust administrative remedies, based upon the district court's finding that he made a false representation, falls within the "malicious" category justifying a strike.

**AFFIRMED.**