United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 27, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10020
Summary Calendar

_____

STEVEN L. SONDLEY,

                                        Plaintiff-Appellant,

versus

LUBBOCK COUNTY TEXAS; KENNY MAINES, Lubbock County Commissioner;
JAMES KITTEN, Lubbock County Commissioner; GILBERT FLORES,
Lubbock County Commissioner; NATHAN ZIEGLER, Lubbock County
Commissioner; DAVID GUTIERREZ, Sheriff of Lubbock County; PAUL
SCARBOROUGH, Chief Deputy Sheriff of Lubbock County; NFN
GALLOWAY, Jail Captain of Lubbock County; NFN ROWE, Shift
Lieutenant of Lubbock County Jail; NFN BARNES, Shift Lieutenant
of Lubbock County Jail; NFN LUGO, Lieutenant, Shift Lieutenant;
BRENDA NOCK, Sergeant of Lubbock County Jail; OLIN NLN, Medical
Director of Lubbock County Jail; NFN FARTHING; KELLY NLN, Nurse
Practitioner of Lubbock County Jail; F. MCINROE, Law Librarian of
Lubbock County Jail,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:01-CV-219-C
---------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Steven L. Sondley, currently federal prisoner number 70389-

080, appeals from the district court's dismissal of his civil

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

rights complaint brought pursuant to 42 U.S.C. § 1983. The district court dismissed the complaint as a sanction, finding that Sondley committed perjury by failing to list in his complaint a prior lawsuit making similar claims that Sondley had filed in the Abilene Division of the Northern District of Texas six months before he filed the instant suit.

In addition to challenging the dismissal, Sondley argues that the district court erred by 1) failing to permit him to engage in discovery past the deadlines set in the pretrial order, 2) denying his access-to-courts claim and request to amend the complaint, 3) denying him a default judgment against the medical defendants, 4) denying his cross-motion for summary judgment, 5) denying his request for a pretrial conference, 6) empaneling a juror that he had struck, and 7) permitting the defendants to cross-examine him about his criminal history.

We conclude that there is no merit to any of Sondley's issues. The district court did not abuse its discretion by dismissing the complaint as a sanction against Sondley. See Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000); see also Mercury Air Group, Inc. v. Mansour, 237 F.3d 542, 548 (5th Cir. 2001).

Sondley's appeal is without merit and is frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, his appeal is DISMISSED as frivolous. See 5TH CIR. R. 42.2. The dismissal of the appeal counts as a strike against Sondley for

purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Sondley is CAUTIONED that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).  Sondley's motion to file his reply brief out-of-time is GRANTED.

APPEAL DISMISSED. SANCTIONS WARNING ISSUED. MOTION GRANTED.