United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50988
Summary Calendar
_____

EARLEEN PINE; ET AL.,

                                        Plaintiffs

EARLEEN PINE; HOYLE S. KRUSE; DONALD B. DULIN;
PATRICIA A. DULIN; MARY V. RENTON; TENA J. SHEPHERD;
MICHAEL L. SHEPARD; JACK FITTS; JAN FITTS,

                                        Plaintiffs-Appellants

versus

CITY OF MIDLAND, also known as City of Midland, Texas;
RICK MENCHACA; GARY SAUNDERS,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-02-CV-112
---------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     The appellants-property owners appeal from the summary

judgment dismissal of their 42 U.S.C. § 1983 claims as barred

by the statute of limitations.  Applying the same test as the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district court, we affirm.  See Deas v. River West, L.P., 152 F.3d 471, 475 (5th Cir. 1998).

We hold that the district court did not err in its determination that equitable tolling did not apply in the instant case and, therefore, that the § 1983 claims were barred by Texas's two-year limitations period for personal injury actions. See Owens v. Okure, 488 U.S. 235, 249-50 (1989); Henson-El v. Rogers, 923 F.2d 51, 52 (5th Cir. 1991).  We do not consider the appellants arguments raised for the first time on appeal that (1) application of the two-year limitations period is unconstitutional as applied to their Fifth Amendment takings claims and (2) fairness mandates the application of the equitable doctrine of laches.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

AFFIRMED.