# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30989
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 19, 2014

Lyle W. Cayce
Clerk

LEE LUCAS,

Plaintiff-Appellant

v.

N. BURL CAIN, individually and in their official capacity; TIM DELANEY, individually and in their official capacity; DARRELL VANNOY, individually and in their official capacity; BOBBY ACHORD, individually and in their official capacity; BILLY CANNON, individually and in their official capacity; BARRETT BOEKER, individually and in their official capacity; LONNIE NAIL, individually and in their official capacity; JUDY LOFTON, individually and in their official capacity; JERRY GOODWIN, individually and in their official capacity,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:12-CV-791

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Lee Lucas, Louisiana prisoner # 338382, appeals the dismissal without prejudice for failure to prosecute his 42 U.S.C. § 1983 complaint against

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30989

various prison officials.  Lucas argues that the district court erred in dismissing his complaint for failure to pay the initial partial filing fee without first inquiring as to whether he had complied with the court's fee order.  He avers that the record reflects that he immediately complied with the district court's fee order by sending a letter to prison officials authorizing the release of funds from his inmate trust account.  Lucas avers that the district court's order dismissing his complaint should be vacated and that he be reimbursed the $455 appellate court filing fee.  Lucas cites no authority that would allow this court to return the filing fee, and his request is rejected.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss a complaint sua sponte if a plaintiff fails to follow a court order.  *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996); FED. R. CIV. P. 41(b).  We ordinarily review such a dismissal under an abuse-of-discretion standard.  *See McNeal v. Papasan*, 842 F.2d 787, 789-90 (5th Cir. 1988).  However, the scope of the district court's discretion is narrow when the Rule 41(b) dismissal is with prejudice or when a statute of limitations would bar re-prosecution of a suit dismissed without prejudice under Rule 41(b).  *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190-91 (5th Cir. 1992).

The district court's dismissal without prejudice will very likely operate as a dismissal with prejudice because Lucas will be barred by the one-year limitations period for seeking § 1983 relief.  *See Henson-El v. Rogers*, 923 F.2d 51, 52 (5th Cir 1991); LA. CIV. CODE ANN. art. 3492.  Therefore, dismissal "is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long*, 77 F.3d at 880.

No. 13-30989

The record contains no indication that Lucas failed to comply with the initial partial filing fee order for purposes of delay or out of contumaciousness. Lucas did not demonstrate "the stubborn resistance to authority" that is the hallmark of contumacious conduct. *McNeal*, 842 F.3d at 792 (internal quotation marks and citation omitted); *see Hatchet v. Nettles*, 201F.3d 651, 654 (5th Cir. 2000).    Accordingly, the district court abused its discretion in dismissing Lucas's complaint for failure to pay the initial partial filing fee. *See id*. The district court's judgment is VACATED and the matter is REMANDED for further proceedings.