# United States Court of Appeals
## For the Eighth Circuit
_____

No. 14-1870
_____

Steven E. Taylor

*Plaintiff - Appellant*

v.

Jay Cassady, JCCC Warden; George Lombardi, Director MO DOC; J. Wallace,
SECC Warden; Omar L. Clark, SECC Warden; Cheryl Thompson, SECC FUM;
Penny Milburn; Donna Wigfall, SECC FUM; Ryan Moss, SECC CO; Jesse N.
May, SECC CO; Richard Wilson, SECC Sergeant; Jason F. Hays, SECC CO;
Michael Hakala, SECC Dr.; Donna Unknown, SECC Nurse; Toscha Unknown,
SECC Nurse; Dwayne Kempker, Deputy Division Director for Division of Adult
Institutions; Sydnee Serr, JCCC Nurse Practitioner; Timothy Seabaugh; Dr.
Krohager, also known as Krojanger

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City
_____

Submitted: September 2, 2014
Filed: September 5, 2014
[Unpublished]
_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.
_____

PER CURIAM.

Steven E. Taylor appeals the district court's dismissal without prejudice of his complaint for failure to pay an initial partial filing fee. After careful review, this court holds the district court abused its discretion by dismissing the case without first taking steps to determine whether Taylor's failure to pay was caused by circumstances beyond his control, such as prison officials' failure to adhere to his request to remit payment using funds from his account. *See Wilson v. Sargent*, 313 F.3d 1315, 1316-17, 1320-21 (11th Cir. 2002) (per curiam) (district court abused its discretion by dismissing complaint, for failure to pay initial partial filing fee, without first taking reasonable steps to determine whether prisoner tried to pay fee by authorizing prison officials to make payment from his inmate account); *Hatchet v. Nettles*, 201 F.3d 651, 652, 654 (5th Cir. 2000) (per curiam) (same; reasonable steps may include issuing show-cause order). Notably, Taylor had submitted to the district court, as part of his in forma pauperis motion, a signed form authorizing the prison to withdraw funds from his account and forward payments to the clerk of court. *See Wilson*, 313 F.3d at 1321 (if prisoner authorized officials to make payment, case ordinarily should not be dismissed).

Taylor's motion to appeal in forma pauperis is granted, and the dismissal of his complaint is reversed. On remand, the district court is instructed to order Taylor to show cause why the fee has not been paid, or take other reasonable steps to determine whether he tried to comply with the court's fee-payment order.

_____