REVISED AUGUST 1, 2002

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-30378

DAVID DREW CLIFFORD,

Plaintiff-Appellant,

VERSUS

RON GIBBS, Etc., Et Al.,

Defendants,

JACK STRAIN, in his official and private capacity;
GREG LONGINO, Captain, Assistant Warden, Director of
Inmate Affairs; JEFFREY MAYO, Deputy; HILERY MAYO, Deputy,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Louisiana

July 10, 2002

Before JOLLY, SMITH, and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

## I. BACKGROUND

In April 1998, David Drew Clifford, a federal prisoner, filed

a § 1983 action against three federal marshals and against Saint Tammany Parish officials alleging, among other things, that the defendants failed to protect him from another prisoner, James Brown, during his pre-trial confinement at Saint Tammany Parish Jail in early 1998.[1] Clifford sought declaratory relief and compensatory and punitive damages. He alleged in his complaint that he had not filed an administrative grievance because no relief could be provided. The district court dismissed Clifford's complaint as legally frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2).

On December 10, 1999, this Court granted Clifford's motion to proceed *in forma pauperis* on appeal, and vacated and remanded for "further factual development" on Clifford's failure-to-protect claim insofar as it related to the state defendants. We affirmed the dismissal of his other claims.

On remand, the district court appointed Clifford an attorney, who moved to amend his complaint. The amended complaint restated the failure-to-protect claim and added a negligence claim. The defendants filed a motion to dismiss, arguing that the court lacked subject-matter jurisdiction over several supervisory defendants, that there was insufficient process and service of process, and that Clifford had failed to exhaust administrative remedies

---

[1] Clifford was transferred from Saint Tammany Parish Jail to a federal prison in June 1998.

2

available to him at Saint Tammany Parish Jail.

Following oral argument, the magistrate judge concluded that the defendants' subject-matter jurisdiction argument was meritless, and that their insufficiency of service of process argument was moot. However, it recommended granting the defendants' motion to dismiss for insufficiency of process against all fictitious named defendants, and for failure to exhaust administrative remedies against the other defendants. The magistrate also made several findings and conclusions: (1) insofar as Clifford was attempting to state an Eighth Amendment claim against the defendants, the law-of-the-case doctrine barred the defendants' contention that Clifford had failed to state a claim upon which relief may be granted; (2) Clifford acknowledged his failure to comply with 42 U.S.C. § 1997e(a)'s administrative exhaustion requirement without demonstrating that the dismissal of his claims would cause any injustice or render judicial relief unavailable; and (3) any "inequities" caused by dismissal, such as Clifford's inability to comply within applicable limitations periods, were "solely of his own making."

Clifford filed objections to the magistrate judge's report. He argued that he was no longer able to exhaust remedies at Saint Tammany Parish Jail because he had not been confined there since May 1998, and that exhaustion was thus futile. He also asserted that he was not required to exhaust available administrative

3

remedies because his claim was not an action with respect to "prison conditions," and thus it was outside the scope of § 1997e(a). Finally, he contended that dismissal would be impractical and inequitable.

The district court adopted the magistrate judge's recommendation and dismissed Clifford's failure-to-protect claim "without prejudice for failure to exhaust administrative remedies." Clifford appeals here.

## II. EXHAUSTION OF REMEDIES UNDER 42 U.S.C. § 1997e(a)

Section 1997e(a), as amended by the Prison Litigation Reform Act (PLRA), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Clifford had argued that § 1997e(a) did not apply to his failure-to-protect claim because the claim did not concern "prison conditions." However, since Clifford brought his claim, the Supreme Court decided *Porter v. Nussle*, which held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." 122 S. Ct. 983, 992 (2002). *Porter* squarely precludes Clifford's contention that his failure-to-protect claim

4

is outside § 1997e(a)'s scope.

Clifford nonetheless argues that the district court's dismissal of his failure-to-protect claim was erroneous because its action is barred by the law-of-the case doctrine. He begins by noting that, in February 1999, the magistrate judge's "primary" rationale for recommending dismissal of his § 1983 complaint, which was adopted by the district court, was that he had failed to exhaust administrative remedies. He then states that this Court reversed the district court's decision "without explicitly addressing the exhaustion of administrative remedies argument." He contends that this Court's remand for further factual development, without reference to the administrative-remedies issue, "necessarily implies" that this Court "did not intend the action to be dismissed under [the failure-to-exhaust] rationale."

The law-of-the-case doctrine "expresses the practice of courts generally to refuse to reopen what has been decided." *United States v. Lawrence*, 179 F.3d 343, 351 (5th Cir. 1999). "[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988). However, "unlike res judicata, the law of the case doctrine applies only to issues that were actually decided, rather than all questions in the case that might have been decided, but were not." *Alpha/Omega Ins. Servs., Inc. v. Prudential Ins. Co. of*

***Amer.***, 272 F.3d 276, 279 (5th Cir. 2001).

The relevant portion of our prior opinion in this case stated:

> The district court's dismissal as frivolous of Clifford's failure-to-protect claim against the state defendants, however, was premature and thus an abuse of discretion. To establish a failure-to-protect claim, an inmate must show that he was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection."
>
> When the jail officials simultaneously released Clifford and fellow inmate James Brown from lockdown for the second time, the two inmates had been in three fights, Brown had attacked Clifford immediately upon their release from lockdown the first time, and Clifford had allegedly informed Deputy Mayo that he was afraid of more trouble. No measures were allegedly taken to abate the risk that Brown would again attack Clifford upon their second simultaneous release from lockdown. Accepting Clifford's pleaded facts as true, his complaint has an arguable basis in both law and fact for both elements of an Eighth Amendment claim.
>
> Clifford's motion for IFP is therefore GRANTED. . . . The district court's dismissal of Clifford's failure-to-protect claim as it relates to the state defendants is vacated and remanded for further factual development.

***Clifford v. Gibbs***, No. 99-30302, slip op. at 2-3 (5th Cir. Dec. 10, 1999) (citations omitted). Clearly, despite Clifford's argument, our prior opinion did not consider, either explicitly or implicitly, whether he had failed to exhaust his administrative remedies. Rather, we only considered the District Court's previous conclusion that Clifford's claim was frivolous. Accordingly, the

6

District Court's conclusion here that Clifford failed to exhaust his administrative remedies is not barred by the law-of-the-case doctrine.[2]

Because Clifford's claim is within the scope of § 1997e(a), *see Porter*, 122 S. Ct. at 992, and because he failed to exhaust his administrative remedies, *see* 42 U.S.C. § 1997e(a), the district court's dismissal of Clifford's claim here was proper unless Clifford establishes some other valid basis for failing to comply with § 1997e(a). Citing **McCarthy v. Madigan**, Clifford asserts that exhaustion is not required when it would cause "undue prejudice to subsequent assertion of a court action." 503 U.S. 140, 146-47 (1992).

In **McCarthy**, the Supreme Court discussed a prior version of § 1997e, which it characterized as a statute "impos[ing] a limited exhaustion requirement for [§ 1983] claim[s] brought by a state prisoner . . . provided that the underlying state prison administrative remedy meets specified standards." 503 U.S. at 150. Because the plaintiff in **McCarthy** was a federal, rather than state, prisoner, the Court recognized that § 1997e did not apply. Thus,

---

[2] Further, even if we had previously decided that Clifford's claim fell outside the scope of § 1997e(a)'s administrative remedy exhaustion requirement, the Supreme Court's intervening decision in **Porter v. Nussle** would justify a different holding here. *See* **Goodwin v. Johnson**, 224 F.3d 450, 457-58 (5th Cir. 2000) (explaining that we will depart from the law-of-the-case doctrine when "controlling authority has since made a contrary decision of the law applicable to such issues").

7

to determine whether the plaintiff prisoner could proceed with his suit, the Court looked to the general administrative exhaustion requirement and explained three "broad exceptions" to its application: (1) when requiring exhaustion of administrative remedies "may occasion undue prejudice to subsequent assertion of a court action;" (2) when the administrative remedy may be inadequate "because of some doubt as to whether the agency was empowered to grant effective relief;" and (3) when the administrative body is shown to be biased. 530 U.S. at 146-48.

Clifford urges us to apply *McCarthy's* "undue prejudice" exception to relieve him of his duty to exhaust administrative remedies. However, the amendments to § 1997e(a) since *McCarthy* was decided cast doubt on the continued validity of any of these exceptions in cases covered by § 1997e(a). In *McCarthy*, the Court recognized that the prior version of § 1997e contained a "limited" exhaustion requirement that courts had "ample discretion" to forgo.[3] *McCarthy*, 503 U.S. at 149-50. In contrast, the current version at issue here provides no such discretion—exhaustion is mandatory. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought . . . until such administrative remedies as are available are

---

[3] This prior version provided that, "if the court believes that such a requirement would be appropriate and in the interests of justice, [the court may] continue such case for a period of not to exceed 180 days in order to require exhaustion of such plain, speedy, and effective administrative remedies as are available." 42 U.S.C. § 1997e(a) (amended by PLRA of 1995).

8

exhausted.").

Moreover, to the extent that the *McCarthy* exceptions had any application in § 1997e cases prior to its 1995 amendment, the Supreme Court's interpretation of § 1997e's new language in **Booth v. Churner** and **Porter v. Nessle** unambiguously forecloses application of such exceptions under the current statutory scheme. *See* **Booth**, 121 S.Ct. at 741 n.6 (admonishing that, under the amended version of § 1997e, an inmate must exhaust administrative remedies "regardless of the relief offered through administrative procedures"); **Porter**, 122 S.Ct. at 988 ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory.") Accordingly, we decline to apply **McCarthy**'s "undue prejudice" exception.

## III. EQUITABLE TOLLING

The applicable limitations period for claims brought under 42 U.S.C. § 1983 is governed by state law. **Owens v. Okure**, 488 U.S. 235, 249-50 (1989). Accordingly, Louisiana's one-year statute of limitations period for personal-injury actions applies to Clifford's claim. *See* **Jacobsen v. Osborne**, 133 F.3d 315, 319 (5th Cir. 1998). Because the assault at issue here occurred in early April of 1998, the district court's dismissal of Clifford's claims *without* prejudice actually operates as a dismissal *with* prejudice because Clifford is barred from returning to federal court after

9

exhausting his remedies because limitations has already run. *See*

***Hatchet v. Nettles***, 201 F.3d 651, 652-53 (5th Cir. 2000).

Recognizing this, Clifford urges us to apply equitable tolling to

prevent his claim from becoming forever precluded. *See* ***Underwood***

***v. Wilson***, 151 F.3d 292, 294-95 (5th Cir. 1998) (recognizing that

§ 1997e's exhaustion requirement is not jurisdictional and may be

subject to certain defenses such as waiver, estoppel or equitable

tolling).

In a factually similar case, we previously granted the

equitable relief Clifford requests here. In ***Wright v.***

***Hollingworth***, a prisoner brought a § 1983 action against a prison

nurse alleging deliberate indifference to his medical needs. 260

F.3d 357, 358 (5th Cir. 2001). Relying on ***Booth***, we held that

dismissal without prejudice for failure to exhaust administrative

remedies was proper. ***Id***. However, because limitations had already

run on the defendant's claim, he urged us to equitably toll

limitations during the pendency of his federal § 1983 action and

any additional state administrative proceedings. ***Id***. at 359. We

held this remedy to be appropriate. ***Id***.

We conclude equitable tolling in this case is likewise

appropriate. Accordingly, we grant Collin's request to equitably

toll limitations on his § 1983 action during the pendency of this

action and during any additional state administrative proceedings.

10

## IV.  <u>CONCLUSION</u>

In sum, we hold that Clifford's suit is an action "brought with respect to prison conditions."  Thus, it is subject to § 1997e(a)'s administrative exhaustion requirements, and, therefore, the district court's dismissal of his suit without prejudice was proper.  We also hold that limitations on his action should be equitably tolled during the pendency of this suit and any state administrative proceeding.

For the foregoing reasons, the judgment of the district court is AFFIRMED as MODIFIED.

11