IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10901
Conference Calendar
_____

ARDELL NELSON,

                                        Plaintiff-Appellant,

versus

TDCJ; ET AL.,

                                        Defendants,

NFN LESTER, CS III, In her Individual and Official Capacities;
NFN TAYLOR, Ms., In her Individual and Official Capacities;
NFN REVELL, Dr., MD, In his Individual and Official Capacities;
KEITH PRICE, Warden, In his Individual and Official Capacities;
NFN TENSLY, Ms., In her Individual and Official Capacities;
NFN BASSE, Dr. MD, In his Individual and Official Capacities,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:00-CV-231
--------------------
February 19, 2003
Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Ardell Nelson, Texas prisoner # 482188, appeals the

dismissal of his 42 U.S.C. § 1983 complaint as frivolous.  He

argues that the district court erred in relying on his answers to

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

a court-ordered questionnaire in determining that he failed to state a claim upon which relief could be granted.

Nelson's responses to the court-ordered questionnaire became part of his pleadings. See Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). Consequently, it was appropriate for the district court to reference the questionnaire when determining pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) whether Nelson stated a claim upon which relief could be granted, and, further, it was not required to look beyond his factual allegations to do so. See Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999) (dismissal appropriate where no relief could be granted based on the plaintiff's alleged facts).

Nelson also argues that he should be excused from the requirement that he exhaust administrative remedies. Exhaustion, however, is mandatory. See Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002) (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)).

Nelson's appeal is without arguable merit and is dismissed as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Nelson is informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). We caution Nelson that once he accumulates three strikes, he may not proceed in forma pauperis in any civil

action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).  Nelson should review any pending appeals and withdraw any that are frivolous.

APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.