United States Court of Appeals
Fifth Circuit

**F I L E D**

November 6, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 03-30329
Summary Calendar

DARRYL A. CROCKETT,

Plaintiff-Appellant,

versus

WACKENHUT CORRECTIONAL CORP.; O. KENT ANDREWS; MARK ESTES; JOSEPH
EVANS, JR.; WALTER GARNETT; DANIEL GRANGER; WILLIAM MARTIN; DOE
LINSEY; DOE MANUAL; RICHARD WACKENHUT; CARLENE VIDRINE; GORDON
WEBB; DOE SIMMONS; JOHN ONELLION; DOE MORGAN; DOE WHITTINGTON,

Defendant-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
(02-CV-1446)

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Darryl A. Crockett, Louisiana inmate # 97474, appeals the
dismissal of his 42 U.S.C. § 1983 civil-rights action.

For his retaliation claim, Crockett contends that the district
court erred in dismissing his complaint because he alleged facts in
support of a direct-retaliation theory and a chronology of events
from which it could reasonably be inferred that retaliation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

occurred because he had written a complaint letter to an administrator at a different correctional facility. Crockett's retaliation claim fails unless he identifies a constitutional right, the exercise of which resulted in retaliation. *See **McDonald v. Steward***, 132 F.3d 225, 231 (5th Cir. 1998).

As Crockett concedes, he did not have a constitutional right to complain. *See **Gibbs v. King***, 779 F.2d 1040, 1045-46 (5th Cir. 1986). Crockett maintains, however, that prison officials censored his outgoing mail. "Prison officials may not censor inmate correspondence simply to eliminate unflattering or unwelcome opinions or factually inaccurate statements." ***Procunier v. Martinez***, 416 U.S. 396, 413 (1974), *overruled in part*, ***Thornburgh v. Abbott***, 490 U.S. 401 (1989). Taking as true (as we are required to do) Crockett's allegation that prison officials censored his mail, Crockett has alleged a constitutional right and a chronology of events from which it can reasonably be inferred that he was subject to retaliation through disciplinary proceedings, as well as being directly disciplined for writing the letter. *See **Bradley v. Puckett***, 157 F.3d 1022, 1025 (5th Cir. 1998); ***Woods v. Smith***, 60 F.3d 1161, 1166 (5th Cir. 1995).

Crockett also contends that, before dismissing his First Amendment claim, the district court should have given him the opportunity to amend. To the extent that his claims were dismissed as frivolous, the district court was not required to provide Crockett an opportunity to amend. *See **Graves v. Hampton***, 1 F.3d

315, 318 n.12 (5th Cir. 1993), *abrogated on other grounds*, **Arvie v. Broussard**, 42 F.3d 249, 251 (5th Cir. 1994).  Moreover, Crockett did amend his complaint once; and he had the opportunity to file objections to the magistrate judge's report and recommendation and did so.

Finally, Crockett contends that the district court erred in dismissing his Eighth Amendment claims for failure to exhaust his administrative remedies because it will take over three years to do so.  Crockett urges application of the exception found in **McCarthy v. Madigan**, 503 U.S. 140 (1992), as cited in **Edwards v. Johnson**, 209 F.3d 772, 776-77 (5th Cir. 2000), to excuse him from his Prison Litigation Reform Act (PLRA) duty to exhaust.  **Edwards** involved an alien awaiting deportation, a situation to which the PLRA does not apply; and we have declined to apply **McCarthy**'s exception to the exhaustion requirement for prisoners' claims under the PLRA.  *See* **Clifford v. Gibbs**, 298 F.3d 328, 332 (5th Cir. 2002).

That part of the judgment dismissing with prejudice Crockett's retaliation claim is **VACATED**; the remainder of the judgment is **AFFIRMED**; and this matter is **REMANDED** for further proceedings.

*VACATED IN PART; AFFIRMED IN PART; and REMANDED*