United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41002
Summary Calendar
_____

CEDRIC CHARLES FIGGS,

Plaintiff-Appellant,

versus

VICTOR J. VRAZEL; CHARLES LACKEY; LAURIE MEDIA; KERRY DIXON;
MARK DIAZ; LEPHER JENKINS; HURKALOT, Director,

Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. C-99-CV-81
--------------------

Before JONES, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Cedric Charles Figgs, Texas prisoner # 623481, appeals the
dismissal of his 42 U.S.C. § 1983 complaint. Figgs argues that the
district court erred in not raising the res judicata bar with
regard to his due process and malicious prosecution claims until
the pretrial conference and that the res judicata bar does not
apply. Regardless of whether the district court properly raised
the res judicata bar sua sponte, see Mowbray v. Cameron County,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Texas, 274 F.3d 269, 281 (5th Cir. 2001), as the district court alternatively found, Figgs's claims against Victor J. Vrazel and Kerry Dixon failed as a matter of law.  See 28 U.S.C. § 1915(e)(2)(B)(ii).

There is no longer a freestanding section 1983 claim for malicious prosecution in this circuit.  *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003).  Thus, Figgs' claim that Vrazel initiated disciplinary proceedings against him without probable cause does not state a claim.  In any event, as the district court concluded, Vrazel had probable cause for initiating the disciplinary proceeding.  Therefore, the district court did not err in dismissing Figgs's claim against Vrazel.

Figgs also admitted at the pretrial hearing that he never asked that witnesses be present.  Therefore, the district court did not err in dismissing sua sponte Figgs's claim against Dixon for not allowing him to call witnesses at his disciplinary hearing.  Finally, the fact that there was no tape recording of the disciplinary proceeding is insufficient to establish a procedural due-process violation.  See Wolff v. McDonnell, 418 U.S. 539, 558 (1974).

Figgs argues that the law-of-the-case doctrine dictates that he receive a favorable ruling because the district court's final decision conflicts with its ruling on the summary-judgment motion that there were outstanding fact questions precluding summary judgment.  However, those fact questions were answered during the

pretrial hearing, and the district court's dismissal of Figgs's claims against Vrazel and Dixon does not violate the law-of-the-case doctrine. See Clifford v. Gibbs, 298 F.3d 328, 331 (5th Cir. 2002)

Figgs also argues that the district court erred in denying his requests that counsel be appointed. However, Figgs's claims were not complex, his pleadings adequately advanced his claims and took advantage of the rules of discovery, and he successfully appealed the initial dismissal to this court and opposed dispositive motions. Figgs's claims were based on his own direct experiences and did not require extensive investigation. Additionally, this case was resolved before trial. As Figgs has not presented exceptional circumstances warranting the appointment of counsel, the district court did not abuse its discretion in denying his motion to appoint counsel. See Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982).

Finally, Figgs argues that, in response to his discovery motions, the district court should have ordered the defendants to conduct an inventory of the prior and instant lawsuits to determine what had been taken from him. However, Figgs did not move the court for a complete "inventory" but made specific requests for, inter alia, the defendants' answers to interrogatories and admissions. The district court's discovery decisions were not an abuse of discretion. See Moore v. Willis Indep. School Dist., 233

F.3d 871, 876 (5th Cir. 2000).  The judgment of the district court is AFFIRMED.