United States Court of Appeals
Fifth Circuit

**F I L E D**

September 28, 2004

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 03-20590

_____

LARRY LEONARD HERRON,

Plaintiff-Appellant,

VERSUS

PATROLMAN #1; PATROLMAN #2; DEPUTY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
m 02-CV-3415

_____

Before SMITH, WIENER, and PICKERING,
 Circuit Judges.

PER CURIAM:[*]

 We once again consider Larry Herron's appeal of the dismissal, as frivolous, of his 42 U.S.C. § 1983 action against two unnamed Baytown, Texas, patrol officers and a municipal deputy.[1] We affirm and remand.

_____

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

[1] The district court entered judgment on April 24, 2003. Herron's notice of appeal was filed on June 2, more than 30 days after the entry of judgment. We remanded this case to the district court for a determination of whether Herron delivered his notice of appeal to prison officials in a timely manner on or before May 27, 2003. *Herron v.*
(continued...)

## I.

Herron and his wife were in an automobile accident in which he was injured and his wife was injured seriously enough to render her unconscious and require several days of hospitalization. Herron alleges that when the police arrived, they mistook his "state of unconsciousness" for intoxication, treated him roughly, refused to let him attend to his wife as she was put into an ambulance, and attempted to force him to take a field sobriety test. He was arrested and taken to the city jail, allegedly without *Miranda* warnings. At the jail, he claims to have complied with the officers' attempts to give him sobriety tests until the point at which he realized that they were conspiring to charge him with a DWI. At the time of his arrest, Herron was on parole from a conviction for aggravated sexual assault on a child. He was charged with DWI and failure to register as a sex offender.

Herron claims that for several days, while he was incarcerated at the city jail and later the county jail, various officers refused to inform him of his wife's condition or whereabouts and refused his requests for medical attention. He sued *pro se* and *in forma pauperis* ("IFP"), seeking dismissal of his DWI charge, $500,000 in compensatory damages for four days of "psychiatric abuse," and medical care.

After ordering a more definite statement from Herron, the district court dismissed his claims with prejudice as frivolous because they lacked an arguable basis in law. The court gave three reasons: (1) Herron had failed to exhaust his administrative remedies with regard to his claims of prison conditions, as required by 42 U.S.C. § 1997e(a); (2) Herron's claim for mental anguish was barred by 42 U.S.C. § 1997e(e), because he could not demonstrate sufficient physical injury; and (3) the *Miranda* claim was barred by *Younger* abstention.

## II.

A district court may dismiss a prisoner's IFP claims as frivolous pursuant to 28 U.S.C.

¹(...continued)
*Patrolman #1*, 80 Fed. Appx. 946 (5th Cir. 2003). The district court having determined that Herron had deposited his notice of appeal by that date, this appeal is properly before us.

At the same time Herron filed his notice of appeal, he filed a pleading labeled an "objection." The district court construed this pleading as a FED. R. CIV. P. 60(b) motion and granted relief in part. Its order of June 20, 2003, changed the dismissal of Herron's unexhausted medical care claims to without prejudice, and equitably tolled them to allow Herron to exhaust his administrative remedies.

In his motion for reconsideration, Herron argues that the June 20 order superseded the April 24 order. Herron also avers, however, that his "objection" was directed toward his appeal, that he did not intend to file a rule 60(b) motion, and that the district court was without authority to amend its judgment after his appeal had been noticed. Whatever Herron's intentions, and irrespective of whether the district court properly construed his "objection" as a rule 60(b) motion, the district court was without jurisdiction to enter its June 20, 2003, order.

A notice of appeal divests the district court of jurisdiction except to take action in aid of the appeal. A district court may deny a rule 60(b) motion on the merits but may not grant rule 60(b) relief without authorization from this court. *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1408 n.3 (5th Cir. 1994). Therefore, Herron's motion to reconsider remand has been denied, and the operative final judgment is the order of April 24, 2003.

§1915(e)(2)(B)(i). We review such a dismissal for abuse of discretion. *Harper v. Showers*, 174 F.3d 716 (5th Cir. 1999).

## A.

"This Court reviews *de novo* a district court's dismissal of a § 1983 suit for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e." *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Herron admits that he has not exhausted the administrative remedies available at either of the jails. He argues, however that he did not exhaust the jail grievance procedures because it would have been futile, because the city and county procedures were not suitable to decide the federal issues that formed the basis of his complaint, that the grievance procedures were not meaningful, that monetary relief was not available, and that he was no longer incarcerated in the city jail.

These reasons are unavailing, because "it is not for the courts to inquire whether administrative procedures satisfy 'minimum acceptable standards' of fairness and effectiveness." *Alexander v. Tippah County, Miss.*, 351 F.3d 626 (5th Cir. 2003) (citing *Booth v. Churner*, 532 U.S. 731, 740 n. 5 (2001)). "Exhaustion is now mandatory, 'irrespective of the forms of relief sought and offered through administrative avenues.'" *Days*, 322 F.3d at 866 (quoting *Booth,* 532 U.S. at 739, 741 n.6 (2001)). Therefore, the district court did not err in dismissing Herron's claims for failure to exhaust administrative remedies.

Although the June 20 order was ineffective, we consider the district court's willingness to dismiss Herron's claims without prejudice and apply equitable tolling to allow him to exhaust his administrative remedies, along with our history of doing so in similar cases. *See, e.g. Clifford v. Gibbs,* 298 F.3d 328, 333 (5th Cir. 2002); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Accordingly, on the issue of jail conditions, we remand for further proceedings not inconsistent with this opinion.

## B.

The district court dismissed Herron's claims of mental anguish and "psychiatric abuse" pursuant to 42 U.S.C. § 1997e, which provides that "[n]o federal civil action may be brought by a prisoner confined in jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." "Relying on our Eighth Amendment jurisprudence, we have determined that the 'physical injury' required by § 1997e(e) must be more than de minimus [sic], but need not be significant." *Harper*, 174 F.3d at 719 (citing *Sigler v. Hightower*, 112 F.3d 191 (5th Cir. 1997) (finding that where a guard twisted a prisoner's arm and twisted his ear, resulting in bruising and soreness for three days, the injury was *de minimis* and would not support a claim for mental or emotional suffering)).

Even if Herron's complaint is liberally construed regarding his claim for compensatory damages, the only possible claim of physical injury is rough handling, which resulted in a temporary increase of pain in his already injured neck. As in *Sigler*, this is at most a *de minimis* injury that will not support a claim of

mental or emotional suffering.[2] Moreover, this alleged injury is insufficiently connected to the alleged cause of Herron's mental suffering, the "psychiatric abuse" of refusing to inform him of his wife's condition or whereabouts, to satisfy § 1997e(e). Therefore, the dismissal as to Herron's claim for compensatory damages was not error.

We acknowledge that lawsuits by arrestees, detainees, or prisoners who cannot allege a sufficiently serious physical injury to support psychological injury are not necessarily barred altogether by § 1997e(e). Physical injury is a predicate to an award of compensatory damages for mental or emotional injury; its absence does not necessarily preclude recovery of, e.g., injunctive relief or nominal damages for constitutional injuries.[3]

Herron alleges that defendants maliciously inflicted psychological pain by refusing, for four days, to inform him of the condition of his seriously injured wife. Although such conduct, if true, is not acceptable, this is not the appropriate occasion to decide whether this can state a constitutional violation, because injunctive relief is inapposite here, and Herron has given no indication that he seeks nominal damages. His claim, instead, is for $500,000 in compensatory damages. Moreover, even if, hypothetically, we were to say that the failure to inform Herron of his wife's situation was a constitutional violation, that by no means

would be a clearly established right that would benefit this plaintiff.

C.

The district court dismissed Herron's *Miranda* claim based on *Younger v. Harris*, 401 U.S. 37, 45 (1971). A federal court cannot intervene in state criminal matters except in extraordinary circumstances, which Herron has not established. The district court was correct in its determination that Herron's *Miranda* claim was not a proper subject of this lawsuit.

In conclusion, the district court committed no error. We therefore AFFIRM the dismissal of Herron's claims, but we REMAND so that the court can change the dismissal of Herron's prison condition claims to one without prejudice and can apply equitable tolling if it sees fit.

---

[2] For the same reason, Herron's allegations are insufficient to state a claim for excessive use of force.

[3] *See, e.g., Harper v. Showers*, 174 F.3d 716 (5th Cir. 1999); *Oliver v. Scott*, 276 F.3d 736, 747 n.20 (5th Cir. 2002); *Ryland v. Shapiro*, 708 F.2d 967, 976 (5th Cir. 1983).