United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 26, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40235
Summary Calendar

WILLIS FLOYD WILEY,

Plaintiff-Appellant,

versus

CARL E. MCKELLAR; NEAL WEBB; MARY BILLUPS;
GUILLERMO DELAROSA; ANDRE WATSON; ET AL.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:04-CV-331
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Willis Floyd Wiley, Texas prisoner # 753383, appeals the district court's dismissal with prejudice of his 42 U.S.C. § 1983 complaint for failure to exhaust administrative remedies and on the merits. Wiley does not challenge the district court's denial of his exhaust claims on the merits, and he does not challenge the district court's dismissal for failure to exhaust other than his allegations under the Americans with Disabilities Act (ADA). These claims are thus deemed abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Wiley asserts that he was not required to exhaust administrative remedies with respect to his ADA claims. Under 42 U.S.C. § 1997e(a), a prisoner must exhaust his administrative remedies before bringing a civil action challenging prison conditions. Wiley was thus required to exhaust his administrative remedies for all his claims, including those raised under the ADA, since they involved matters of prison life. See Booth v. Churner, 532 U.S. 731, 739, (2001); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002).

Wiley also contends that he is entitled to relief because the magistrate judge failed to rule on his motion for a temporary restraining order in her report and recommendation. He has not established that he is entitled to relief on this ground. See FED. R. CIV. P. 65(a), (b); Sunbeam Prods., Inc. v. West Bend Co., 123 F.3d 246, 250 (5th Cir. 1997).

Consequently, the judgment of the district court is AFFIRMED. The judgment is, however, MODIFIED to reflect that the dismissal of Wiley's unexhausted claims is WITH PREJUDICE for purposes of proceeding in an in forma pauperis proceeding pursuant to 28 U.S.C. § 1915(d). See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998). Wiley's motion for appointment of counsel is DENIED. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).