United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30209
Summary Calendar

_____

JOHN A. THOMAS,

Plaintiff-Appellant,

versus

STEVE PRATOR; JOHN SELLS; CADDO CORRECTIONAL CENTER;
LOUISIANA STATE UNIVERSITY MEDICAL CENTER SHREVEPORT;
SERGEANT SEMON; DEPUTY KLINE; DEPUTY EDMONSON; DAVID
REED; LIEUTENANT BRADFORD; SHARON CAMPBELL; J. MARTIN;
KEITH HIGHTOWER; JIM ROBERTS; E.R.T. MCKEEVER; RYAN
DIBLER; DEPUTY JACORBY; LIEUTENANT HARP; JOHN CARTER;
SERGEANT HUGHES; E.R.T. KRAFT; SERGEANT TROUDT; E.R.T.
PACE; M. GAY; DEPUTY DAVIS; DEPUTY MICHELLE; DEPUTY
MIXON; SYLVIA BUSIC, Nurse; J. JACKSON, Nurse,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:02-CV-1655
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

John A. Thomas, Louisiana prisoner # 177753, moves to
proceed in forma pauperis (IFP) and for appointment of counsel to
appeal the summary judgment dismissal of his 42 U.S.C. § 1983
suit without prejudice for failure to exhaust administrative

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

remedies.  By moving for IFP, Thomas is challenging the district court's certification that IFP status should not be granted on appeal because his appeal is not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).  Thomas argues that he was not required to exhaust prior to filing his civil rights suit and, in the alternative, that prison officials impeded his efforts to utilize the prison grievance system by ignoring his complaints, thereby excusing his failure to exhaust his constitutional claims.

Under the Prison Litigation Reform Act (PLRA), Thomas was required to exhaust his administrative remedies before filing the instant civil rights suit.  42 U.S.C. § 1997e(a); Wendell v. Asher, 163 F.3d 887, 890 (5th Cir. 1998).  While we have recognized that the exhaustion requirement may be excused where administrative remedies are inadequate because prison officials ignore or interfere with a prisoner's pursuit of relief, Holloway v. Gunnell, 685 F.2d 150, 154 (5th Cir. 1982), the evidence does not support such a conclusion in Thomas's case.  The evidence instead indicates that Thomas violated the grievance policy by filing multiple grievances during the period of step-one review and that his abuse of the procedure resulted in a backlog of unanswered grievances.  As such, the failure to exhaust is not fairly attributable to an impediment created by prison officials such that the exhaustion requirement would be excused.  Thomas's contention that his placement in restrictive housing limited his

access to the law library and to the PLRA, thereby impeding his ability to exhaust, is belied by evidence that he filed multiple grievances.

"[N]othing prevents the appellate court from sua sponte dismissing the case on the merits pursuant to 5TH CIR. R. 42.2 when it is apparent that an appeal would be meritless." See Baugh, 117 F.3d at 202 n.24. Thomas has failed to show that his appeal involves nonfrivolous legal issues, and therefore his appeal is dismissed.

MOTIONS FOR IFP STATUS AND APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED.