**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-50808
Summary Calendar

THEODORE STREATER

Plaintiff-Appellant

v.

SUE ANN GREGORY; JESSE HURON; RALPH LOPEZ; AMADEO ORTIZ;
DEPUTY BAILEY; RAY RODRIGUEZ; SERGEANT MOORE; JOHN
MORALES; 5 UNKNOWN 2ND DETAIL SERT OFFICERS; H C MORELAND;
UNKNOWN MEDICAL STAFF; BEXAR CTY SHERIFF

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CV-530

Before HIGGINBOTHAM, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Theodore Streater, Texas prisoner # 1430922, moves this court to proceed in forma pauperis (IFP) in this appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint. The district court dismissed Streater's complaint for failure to exhaust administrative remedies and because his allegations did not support claims of excessive force or deliberate indifference to his serious

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

medical needs. The district court also denied Streater's request to proceed IFP on appeal, certifying that the appeal was not taken in good faith. Streater's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Streater argues that he should be excused from the exhaustion requirement. With respect to his exhausted claim of deliberate indifference, he argues that he was denied medical treatment and that the medical records were falsified. He also reasserts his claim of excessive force and contends that the district court erred in denying his motions for adverse inference, summary judgment, and to invoke the doctrine of collateral estoppel and res judicata. Streater asserts that the district court erred in denying his motion to amend his complaint to include the names of the medical personnel who denied him treatment.

The Prison Litigation Reform Act requires a prisoner to exhaust his administrative remedies before he may file a § 1983 suit against prison officials. 42 U.S.C. § 1997e(a). Because Streater has not exhausted his administrative remedies regarding his claim of excessive force, there is no nonfrivolous issue on appeal with respect to this claim. *See Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002). His claims relating to the district court's denial of his motions for adverse inference, summary judgment, and to invoke the doctrine of collateral estoppel all arise from the unexhausted claims.

Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The medical records show that Streater initially refused treatment and then was treated medically. Streater fails to allege facts which are sufficient to support a claim of deliberate indifference to a serious medical need as is required to proceed under the Eighth Amendment and § 1983. *See id.* Streater's requested

amendment to his complaint would have been futile as it does not alter the underlying facts, which do not support a claim of deliberate indifference. *See Rosenzweig v. Azurix Corp.* 332 F.3d 854, 864-65 (5th Cir. 2003).

Streater has not shown that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is denied and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Streater's motion to expedite the appeal is also denied.

The dismissal of this appeal as frivolous counts as one strike under 28 U.S.C. § 1915(g). Streater is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED; MOTION TO EXPEDITE APPEAL DENIED.