# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 15, 2011

No. 11-30564
Summary Calendar

Lyle W. Cayce
Clerk

LESTER GERARD MORAN,

Plaintiff-Appellant

v.

BOBBY JINDAL, Governor; HUNT CORRECTIONAL CENTER; DAVID WILLIAMS, Doctor at Angola; JAMES LEBLANC, D.O.C. Secretary; EARL K. LONG HOSPITAL; NATHAN CAIN, Angola Warden; EAST BATON ROUGE PARISH PRISON; JONATHAN ROUNDTREE, Angola Medical Director; ORLEANS PARISH PRISON; CHARITY HOSPITAL,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CV-328

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lester Gerard Moran, Louisiana prisoner # 127405, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint, asserting claims of deliberate indifference to his serious medical needs, for failure to exhaust administrative

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

remedies, pursuant to 42 U.S.C. § 1997e(a).  Moran moves this court to proceed in forma pauperis (IFP) on appeal.

A movant for leave to proceed IFP on appeal must show that he is a pauper and that the appeal is taken in good faith. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); 28 U.S.C. § 1915(a)(3).  This court's inquiry into Moran's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'"  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983)(citation omitted).

Exhaustion of available administrative remedies is a threshold requirement for the filing of a prisoner § 1983 action.  42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-32 (2002).  This court reviews a dismissal for failure to exhaust administrative remedies de novo.  *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003), *overruled by implication on other grounds by Jones v. Bock*, 549 U.S. 199, 214-16 (2007).  This court takes "a strict approach to the exhaustion requirement."  *Id.*

If we liberally construe his brief, Moran asserts that the failure to grant him emergency relief on his emergency grievance and the subsequent placement of his grievance on backlog with his other pending grievances should excuse him from the exhaustion requirement or should be considered a rejection of his grievance and satisfaction of his duty to exhaust.  Moran has not shown that his situation is "one of those rare instances" that would warrant an exception to the exhaustion requirement.  *See Days*, 322 F.3d at 866; *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *overruled by implication on other grounds by Jones*, 549 U.S. at 214-16; *Thomas v. Prator*, 172 F. App'x 602, 603 (5th Cir. 2006).  Moran cites no authority for his contention that the placement of his grievance, which was originally filed as an emergency grievance, on backlog due to his own activity in filing numerous grievances should be considered a rejection of his grievance and a complete exhaustion of his administrative remedies. Further, Moran does not argue that his emergency grievance was improperly

handled. Moreover, to the extent that Moran's arguments can be construed as an assertion that requiring him to exhaust his administrative remedies will unduly prejudice him, this argument is unavailing as no "undue-prejudice" exception to § 1997e(a) exists. *See Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002).

In light of the foregoing, Moran has not established that an appeal would involve nonfrivolous issues. Thus, his motion for IFP is DENIED; his motion for counsel is DENIED; and his appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; *Howard*, 707 F.2d at 220.