# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 28, 2012

No. 12-40874
Summary Calendar

Lyle W. Cayce
Clerk

CHARLES EUGENE RILEY,

Plaintiff-Appellant

v.

DONNA KAZMIERCZAK; R. MORRIS; N. WEBB; UNKNOWN COOPER; STEPHEN SIMS; LURENZA HUTCHISON,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:11-CV-607

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Charles Eugene Riley, Texas prisoner # 552499, moves for leave to proceed in forma pauperis (IFP) on appeal. He filed a 42 U.S.C. § 1983 complaint against Major Donna Kazmierczak, Warden R. Morris, Assistant Warden N. Webb, Major Cooper, Lieutenant Stephen Sims, and Officer Lurenza Hutchison, alleging a failure to protect, deliberate indifference to serious medical needs, excessive and wanton use of force, and violations of the Americans with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Disabilities Act (ADA). The magistrate judge (MJ) granted summary judgment in favor of the defendants based on Riley's failure to exhaust administrative remedies. The MJ also determined that Riley's appeal was not taken in good faith.

By moving to proceed IFP, Riley is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

We review the grant of summary judgment de novo. *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The nonmovant may not meet his burden of establishing the existence of a genuine issue of material fact with conclusional allegations, unsubstantiated assertions, or a scintilla of evidence. *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007).

To the extent that Riley challenges the merits of his underlying constitutional claims and argues that the defendants are not immune from suit, such arguments are not "directed solely to the trial court's reasons for the certification decision." *See Baugh*, 117 F.3d at 202. Riley was required under 42 U.S.C. § 1997e(a) to exhaust his administrative remedies for all his claims, including those raised under the ADA, since they involved matters of prison life. *See Booth v. Churner*, 532 U.S. 731, 739 (2001); *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002). Additionally, although Riley appears to assert that he was not required to exhaust because the prison administrative system would not provide him with adequate relief, exhaustion is mandatory "irrespective of the

forms of relief sought and offered through administrative avenues." *Booth*, 532 U.S. at 741 n.6.  Riley also appears to assert that he in fact exhausted his administrative remedies as to at least some of his claims.  Our review of Riley's appellate brief does not establish that the district court erred in concluding that no genuine issue of material fact existed with respect to the exhaustion of administrative remedies.  *See Hathaway*, 507 F.3d at 319; *Cousin*, 325 F.3d at 637.

Riley's appeal lacks arguable merit and is therefore frivolous. *See Howard*, 707 F.2d at 220.  Accordingly, his motion for leave to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  Additionally, the dismissal of this appeal as frivolous counts as one strike under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  Riley is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is in imminent danger of serious physical injury.  *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.