*Lopez v. Annucci*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand seventeen.

PRESENT:   GUIDO CALABRESI,
           DENNY CHIN,
           RAYMOND J. LOHIER, JR.,
                   *Circuit Judges*,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORLANDO LOPEZ,
                   *Plaintiff-Appellant*,

              v.                                              16-54

ANTHONY J. ANNUCCI, COMMISSIONER, NEW
YORK STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION, JOHN DOE,
DIRECTOR OF MEDICAL, DOCS NEW YORK STATE,
NEW YORK STATE OFFICE OF MENTAL HEALTH,
WILLIAM GOODMAN, DOCTOR, ELMIRA
CORRECTIONAL FACILITY, DONALD SAWYER,
OFFICE OF MENTAL HEALTH NYS,
                   *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:          MATTHEW B. BYRNE, Gravel & Shea PC,
                                  Burlington, Vermont.

FOR DEFENDANTS-APPELLEES:      No appearance.

FOR AMICUS CURIAE:         Kate H. Nepveu, Assistant Solicitor General,
Andrea Oser, Deputy Solicitor General,
Barbara D. Underwood, Solicitor General, *for*
Eric T. Schneiderman, Attorney General of the
State of New York, Albany, New York.

Appeal from the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings consistent with this order.

Plaintiff-appellant Orlando Lopez appeals from a judgment of the district court entered December 4, 2015. By decision and order filed December 3, 2015, the court dismissed *sua sponte* and with prejudice plaintiff's complaint as barred by the statute of limitations.[1] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In July 2010, plaintiff filed, *pro se*, the first version of his complaint in a prior and related case in the district court and named the New York State Office of

---

[1] As authorized by statute, the court dismissed plaintiff's claims prior to service on defendants. 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal "at any time" if action fails to state a claim); 28 U.S.C. § 1915A (requiring dismissal "as soon as practicable" if complaint fails to state a claim). Because defendants were never served in this case, they are not parties to this appeal. *See Lewis v. New York*, 547 F.2d 4, 5-6 (2d Cir. 1976). We nonetheless have appellate jurisdiction over the appeal of the *sua sponte* dismissal. *See McEachin v. McGuinnis*, 357 F.3d 197, 200-01 (2d Cir. 2004). We directed the New York State Attorney General's Office to file a brief as *amicus curiae*. No. 16-54, ECF No. 90 (Apr. 4, 2017). That brief was submitted on April 18, 2017. No. 16-54, ECF No. 95 (Apr. 18, 2017).

Mental Health and the New York State Department of Corrections as defendants. The complaint raised claims under 42 U.S.C. § 1983 and alleged that plaintiff received improper medical treatment while incarcerated at the Elmira Correctional Facility in Elmira, New York. Plaintiff asserted that defendants prescribed him anti-psychotic medication in 2008 or 2009 that, in combination with their failure to monitor his health, caused him to fall into a coma on January 15, 2009, and to later develop diabetes.

In August 2010, plaintiff filed, *pro se*, an amended complaint against Elmira Correctional Facility, its superintendent, and Dr. William Goodman, and clarified that it was Dr. Goodman who prescribed him medication and failed to monitor his health. The district court (Larimer, *J.*) dismissed the Elmira Correctional Facility and its superintendent as defendants on the grounds of immunity and failure to state a claim, leaving Dr. Goodman as the sole defendant in the case. Plaintiff served Dr. Goodman in September 2010.

In June 2013, the district court (Siragusa, *J.*)[2] dismissed plaintiff's claims without prejudice for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) and entered judgment against plaintiff. Plaintiff then filed a claim with the Inmate Grievance Review Committee in July 2013. Plaintiff also filed two motions for reconsideration with the district court, which denied the first motion in September 2013

---

[2]   The case was reassigned to Judge Charles J. Siragusa in August 2011.

and the second in November 2013. In January 2014, the Central Office Review Committee denied the administrative claim as untimely.

In August 2014, plaintiff filed, *pro se*, a second amended complaint that (1) raised essentially the same claims, (2) asserted new claims alleging that facility employees were not properly trained or equipped to monitor inmate health and provide follow-up care after changing inmate medication, and (3) included information on the denial of his administrative claim. Because the case had already been closed, the district court directed the Clerk of Court to re-file the second amended complaint as an original complaint in a new action.

The instant action was initiated in September 2014 with the re-filing of the complaint. In its April 2015 decision and order granting plaintiff leave to proceed *in forma pauperis*, the district court determined that the complaint "raise[d] clear statute of limitations issues" and directed plaintiff to submit a written response explaining why the action should not be dismissed as untimely. App. at 21-22. Plaintiff submitted a letter asserting that (1) he had, in fact, submitted his claims before the expiration of the limitations period, (2) the limitations issue had not been raised before, and (3) he had exhausted his administrative remedies as instructed by the court. In the letter, plaintiff also asserted other allegations of retaliatory actions and complained of his lack of access to a law library.

By decision and order filed December 3, 2015, the district court dismissed plaintiff's claims with prejudice as time-barred after concluding that (1) he had not alleged a justification for his failure to exhaust administrative remedies before the end of the limitations period, and (2) there was no alternative basis for equitable tolling because his claims would be untimely even if the limitations period were tolled for the one-month period of his hospitalization.

On appeal, plaintiff argues, *inter alia* and through counsel, that the court improperly dismissed his claims as untimely without considering whether, as a *pro se* litigant, he alleged ongoing misconduct under the continuing violation doctrine. We agree.

"We review *de novo* a district court's dismissal of complaints under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), the statutory provisions governing the dismissal of actions initiated by inmate-plaintiffs. "We accept as true all facts described in the complaint but need not accept 'conclusory allegations or legal conclusions couched as factual [] allegations.'" *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) (per curiam) (alteration in original) (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014)). Because the plaintiff in this case filed a *pro se* complaint, we also "must liberally construe his pleadings, and must interpret his complaint to raise the strongest arguments it suggests." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

The continuing violation doctrine allows a plaintiff to challenge acts of misconduct occurring outside the statute of limitations period if at least one act of the ongoing misconduct occurred within the limitations period. *Shomo v. City of N.Y.*, 579 F.3d 176, 181-82 (2d Cir. 2009). In the context of an Eighth Amendment claim of deliberate indifference to medical needs, a plaintiff asserting "a continuing violation for statute of limitations purposes . . . must 'allege both the existence of an ongoing policy of [deliberate indifference to his or her serious medical needs] and some non-time-barred acts taken in furtherance of that policy.'" *Id.* at 182 (alteration in original) (quoting *Harris v. City of N.Y.*, 186 F.3d 243, 250 (2d Cir. 1999)). The purpose of these requirements is to "screen[] out Eighth Amendment claims that challenge discrete acts of unconstitutional conduct or that fail to allege acts within the relevant statutory period that are traceable to a policy of deliberate indifference." *Id.*

Here, the district court concluded that plaintiff's claims were barred by the statute of limitations without assessing whether his complaint alleged a continuing failure to monitor inmate health and provide follow-up care after changes in medication. The *pro se* complaint, read broadly, should have been construed as alleging an ongoing policy of deliberate indifference to serious medical needs. *See id.* (describing the first requirement under the continuing violation doctrine); *Abbas*, 480 F.3d at 639 (requiring liberal construction of *pro se* complaints).

In addition, our cases recognize a number of grounds for equitable tolling. *See, e.g.*, *Abbas*, 480 F.3d at 642 (explaining equitable tolling under New York law); *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (describing when federal courts apply equitable tolling). It appears that the district court considered only one basis for equitable tolling, and that is plaintiff's period of hospitalization. There may, however, be other bases for equitable tolling. In this circuit "[w]e have applied equitable tolling only in 'rare and exceptional circumstances,' where we found that 'extraordinary circumstances' prevented a party from timely performing a required act, and that the party 'acted with reasonable diligence throughout the period he [sought] to toll.'" *Walker*, 430 F.3d at 564 (alteration in original) (quoting *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004)). Here, it does not appear that the district court considered whether such circumstances existed.

For these reasons, we vacate the decision and judgment dismissing plaintiff's claims and remand the matter for the district court to address the timeliness of the claims under the continuing violation and equitable tolling doctrines.

We note that plaintiff's appeal in this case raises a host of issues, including: (1) when plaintiff's claims accrued; (2) whether the statute of limitations was tolled for the duration of the first lawsuit, *see, e.g.*, *Clifford v. Gibbs*, 298 F.3d 328, 333 (5th Cir. 2002) (tolling for duration of federal lawsuit where complaint was dismissed without prejudice, and for duration of subsequent administrative exhaustion); *McCoy v.*

*Goord*, 255 F. Supp. 2d 233, 253-54 (S.D.N.Y. 2003) (raising issue of whether time spent in federal court before dismissal would be tolled); (3) whether plaintiff should have been permitted to reopen the first lawsuit rather than being required to commence a new lawsuit, in light of the timing concerns; (4) when plaintiff received notice of the denial of his administrative grievance (and when tolling for exhaustion ended); (5) the applicability of the New York tolling statutes, including N.Y. C.P.L.R. § 205(a); and (6) the constitutionality of New York's inmate grievance process as an administrative remedy. We do not express a view on any of these questions, nor do we suggest that all these issues must be resolved. But we do think it would be helpful, if it does reach the issues, for the district court to obtain input from the State of New York and to consider appointing counsel for plaintiff.

Accordingly, we **VACATE** the decision and judgment of the district court and **REMAND** the matter for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk